

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **LORETTA CAMPBELL,** | )<br>) |
| **Plaintiff,** | )<br>)<br>) |
| v. | )    7:23-cv-01248-LSC<br>) |
| **AMTRAK,** | )<br>)<br>) |
| **Defendant.** | )<br>) |

## OPINION

Before the Court is Defendant's Motion to Dismiss Amended Complaint, filed on November 11, 2023. (Doc. 12.) For the reasons discussed below, Defendant's motion (doc. 12) is due to be **GRANTED**.

On July 19, 2023, Plaintiff Loretta Campbell ("Plaintiff"), acting *pro se*, filed this action in the Circuit Court of Tuscaloosa County, Alabama, against Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Defendant"). (Doc. 1 ¶ I(1).)[1] Adjudging Plaintiff indigent, that court waived the prepayment of filing fees

---

[1] References to "Doc. ___" are to the document number of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk. Unless otherwise noted, pinpoint citations are to the page of the electronically filed document in the court's CM/ECF system, which may not correspond to the pagination on the original "hard copy" of the document presented for filing.

and costs. (Doc. 1-1 at 10.) On September 20, 2023, Defendant removed the action to this Court. (Doc. 1.) On September 21, 2023, Defendant filed a motion to dismiss Plaintiff's Complaint for failure to state a claim. (Doc. 3.) That same day, this Court Ordered Plaintiff to replead her Complaint or face dismissal of this action. (Doc. 6.) This Court explained that Plaintiff's Complaint "alleges that Defendant broke her drone and laptop, but fails to describe how her property was damaged, who damaged it, or how Defendant is factually or legally responsible." (*Id.*) The Court afforded Plaintiff an opportunity to correct the pleading deficiencies by filing an amended complaint including "cognizable claims and specific factual allegations supporting each of those claims," and cautioned that a failure to do so would result in the dismissal of this action. (*Id.*)

In cases where an indigent plaintiff has applied to proceed without prepayment of fees, a court shall dismiss the case if the court determines that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Jones v. Bock*, 549 U.S. 199, 213 (2007). Although this Court liberally construes *pro se* pleadings, a *pro se* complaint must still be dismissed when it fails to state a claim upon which relief can be granted. *See Armstrong v. U.S. Attorney General*, No. 7:21-cv-01678-LSC, 2022 WL 18586281, at *1 (N.D. Ala. Dec. 5, 2022). A plaintiff sufficiently states a claim "only where the

facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff's Amended Complaint fails to plausibly state a cognizable cause of action. The Amended Complaint does little, if anything, to clarify what Defendant did, if anything, to injure Plaintiff. Instead of alleging facts which could support a claim for relief, the Amended Complaint appears to describe Plaintiff's frustrations with the legal process, her recent travels, and the scheduling of apparently unrelated medical appointments. (*See* doc. 11 at 5–6.) Although this Court appreciates the complexity of legal procedure, it cannot sustain a cause of action where, as here, the plaintiff has failed to allege facts sufficient to plausibly state a claim upon which relief may be granted. *Franklin*, 738 F.3d at 1251; *Armstrong*, 2022 WL 18586281, at *1.

Accordingly, Defendant's Motion to Dismiss (doc. 12) is due to be **GRANTED**, and this action is due to be **DISMISSED**. An Order consistent with this Opinion will be entered contemporaneously herewith.

**DONE** AND **ORDERED** ON NOVEMBER 13, 2023.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
215647